# EXHIBIT "A"

Filing # 139179024 E-Filed 11/24/2021 03:57:46 PM

**FORM 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Jenrry Corea</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Dal Plin inc., Massimo Tundo</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>2</u>

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Rainier Regueiro</u>        Fla. Bar # <u>115578</u>
     Attorney or party                 (Bar # if attorney)

<u>Rainier Regueiro</u>               <u>11/24/2021</u>
 (type or print name)              Date

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-025839-CA-01

JENRRY COREA,

     Plaintiff, vs.

DAL PLIN, INC.,
a Florida Profit Corporation,

and MASSIMO TUNDO, INDIVIDUALLY

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: MASSIMO TUNDO:

        8219 NW 43RD ST
        DORAL, FL 33166

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

        RAINIER REGUEIRO, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/3/2022

CLERK                DATE

/ 36565

                    (BY)

DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-025839-CA-01

JENRRY COREA,

   **Plaintiff,**

vs.

DAL PLIN, INC.,
a Florida Profit Corporation

and MASSIMO TUNDO, INDIVIDUALLY

   **Defendants.**

                /

## SUMMONS IN A CIVIL CASE

**TO:** DAL PLIN, INC., through its Registered Agent:

   Tundo, Massimo
   8219 NW 43RD ST
   DORAL, FL 33166

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

   RAINIER REGUEIRO, ESQ.
   REMER & GEORGES-PIERRE, PLLC.
   44 WEST FLAGLER STREET
   SUITE 2200
   MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

   2/3/2022

_____  _____
CLERK            DATE

        / 36565
_____
(BY) DEPUTY CLERK

179024 E-Filed 11/24/2021 03:57:46 PM

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

**JENRRY COREA,**

      **Plaintiff,**

**vs.**

**DAL PLIN, INC.**
**a Florida Profit Corporation**

**and MASSIMO TUNDO, INDIVIDUALLY**

      **Defendants.**

_____/

## COMPLAINT

COMES NOW, Plaintiff, JENRRY COREA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, DAL PLIN, INC. and MASSIMO TUNDO, INDIVIDUALLY (hereinafter "Defendant" or "employer"), pursuant to recovery of overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

2. Plaintiff was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Miami-Dade County, Florida.

3. Defendant is a Florida Profit Corporation, duly authorized to conduct business in the State of Florida and Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

5. FLSA Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

6. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff started working for Defendant on or about October 12. 2018, as a chef.

8. Plaintiff's supervisor was the owner Mr. Massimo Tundo.

9. Plaintiff got paid a salary of $1576.00 per week with no overtime compensation, from October 12, 2018 until March 17, 2020.

10. The restaurant temporarily closed due to the pandemic and reopened in July 2020.

11. Plaintiff's rate was reduced to $16.00 per hour after July until Plaintiff stopped working on December 24, 2020.

12. Plaintiff would regularly work an excess of 40 hours a week.

13. From October 12, 2018 until March 17, 2020, Plaintiff worked 65 hours per week, but was not compensated at 1.5 times the amount of his regular pay as required by Florida and Federal law.

14. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Accordingly, Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

## COUNT I- FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA (against DAL PLIN, INC.)

16. Plaintiff reasserts the allegations in Paragraphs 1-15 as if fully set forth herein.

17. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, the annual gross revenue of Defendants exceeded $500,000 per annum on its own, or as part of a joint enterprise. To the extent that Defendant operated as part of a joint enterprise with other companies which are as yet unknown but may become known through further discovery, they performed related activities, under the common control of the individual Defendant(s), and for common business purposes related to the work performed by Plaintiff.

20. By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II-WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT MASSIMO TUNDO.

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this complaint as if set out in full herein.

24. At the times mentioned, Defendant, **MASSIMO TUNDO,** was, and is now, the Director and/or owner of Defendant Corporation. **MASSIMO TUNDO** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant **DAL PLIN, INC.,** employer in relation to the employees of

Defendant employer, including Plaintiff and others similarly situated. Defendant MASSIMO TUNDO had operational control of the businesses called DAL PLIN, INC., provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

25. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

26. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

27. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set

forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

28. At the times mentioned, Defendant, **MASSIMO TUNDO**, was, and is now the Director and/or owner of Defendant Corporation.  **MASSIMO TUNDO** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant **MASSIMO TUNDO** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: __12/24/2021_____

Respectfully submitted,

___/s/ Rainier Regueiro_____
**Rainier Regueiro, Esq.**
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-025839-CA-01

JENRRY COREA,

     Plaintiff,

v.

DAL PLIN, INC., a Florida Profit Corporation, and MASSIMO TUNDO, individually,

     Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendants, Dal Plin, Inc. ("Dal Plin") and Massimo Tundo ("Tundo") (jointly "Defendants"), by and through their undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, hereby files their Unopposed Motion for Extension of Time to Respond to Plaintiff, Jenrry Corea's ("Plaintiff") Complaint, and in support states as follows:

1.     On or about January 28, 2022, Plaintiff filed his Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida bearing Case No. 2021-025839-CA-01 and styled *Jenrry Corea v. Dal Plin, Inc. and Massimo Tundo* (hereinafter the "Circuit Court Case").

2.     On March 12, 2022, Plaintiff served Dal Plin and Tundo with the Complaint. Accordingly, the deadline to respond to Plaintiff's Complaint is April 1, 2022.

3.     Additional time is needed by Defendants' counsel to fully investigate the facts and allegations in the Complaint prior to responding to same.

4.     Undersigned counsel conferred with Plaintiff's counsel on March 29, 2022, and requested a twenty (20) day extension of time to respond to the Complaint.  Plaintiff's counsel confirmed that Plaintiff does not have any objection to the requested extension.

5.     Therefore, Defendants request this Court provide them with a twenty (20) day extension of time, up to and including April 21, 2022, to file a response to the Complaint.

6.     The requested extension will not greatly impede the preparation of this case and it will not substantially prejudice any party to this action.

WHEREFORE, Defendants, Dal Plin, Inc. and Massimo Tundo, respectfully request that this Honorable Court enter an Order granting Defendants' Unopposed Motion for Extension of Time to Respond to the Complaint, up to and including April 21, 2022, while also granting any further relief the Court deems just and appropriate under the circumstances.

Dated:  March 30, 2022

Respectfully submitted,

JACKSON LEWIS P.C.
2 South Biscayne Blvd., Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*s/ Mendy Halberstam*
Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: *mendy.halberstam@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*

*Counsel for Defendants*

CASE NO. 2021-025839-CA-01

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court by using Florida Courts E-Filing Portal and furnished via electronic mail to the below Service List.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

## <u>SERVICE LIST</u>

Rainier Regueiro, Esq.
Florida Bar No. 115578
Email: *rregueiro@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000

*Counsel for Plaintiff*

Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: *mendy.halberstam@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-025839-CA-01
SECTION: CA24
JUDGE: Antonio Arzola

**Jenrry Corea**

Plaintiff(s)

vs.

**Dal Plin inc. et al**

Defendant(s)

_____/

## AGREED ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

THIS MATTER came before the Court upon Defendants', Dal Plin, Inc. and Massimo Tundo (jointly "Defendants"), Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint.  The Court having reviewed the Motion and being otherwise fully advised in the premises, hereby:

ORDERS AND ADJUDGES that the Motion is GRANTED.  Defendants shall have up through and including April 21, 2022, in which to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 30th day of March, 2022.

2021-025839-CA-01 03-30-2022 4:24 PM

2021-025839-CA-01 03-30-2022 4:24 PM
Hon. Antonio Arzola

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Mendy Halberstam, Esq., mendy.halberstam@jacksonlewis.com

Mendy Halberstam, Esq., rebecca.billingsby@jacksonlewis.com

Rainier Regueiro, rregueiro@rgpattorneys.com

Rainier Regueiro, aziani@rgpattorneys.com

Rainier Regueiro, gcellini@rgpattorneys.com

Roman Alan Sarangoulis, roman.sarangoulis@jacksonlewis.com

Roman Alan Sarangoulis, greisy.ledo@jacksonlewis.com

Roman Alan Sarangoulis, miamidocketing@jacksonlewis.com

**Physically Served:**

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-025839-CA-01
SECTION: CA24
JUDGE: Antonio Arzola

**Jenrry Corea**

Plaintiff(s)

vs.

**Dal Plin inc. et al**

Defendant(s)

_____/

## CASE MANAGEMENT ORDER (STREAMLINED PATHWAY)

   **THIS CAUSE** came before the Court on case management review.  Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

   **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court.  The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances.  The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order.   The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures.   Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | 120 Days from filing of Complaint |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | 05/05/2022 |
| **Deadline for Initial Scheduling and Setting Depositions:** | 05/25/2022 |

| **Deadline for Witness and Exhibit List:** | 07/14/2022 |
|---|---|
| **Deadline for Expert Disclosure:** | 07/14/2022 |
| **Deadline for Inspections/Examinations:** | 07/14/2022 |
| **Deadline for Adding Parties:** | 07/14/2022 |
| **Deadline for Discovery Completion (Including Depositions):** | 08/03/2022 |
| **Deadline for Dispositive Motions:** | 09/02/2022 |
| **Deadline for ADR/Mediation:** | 09/22/2022 |
| **Deadline for Pretrial Motions and Jury Instructions:** | 11/01/2022 |
| **Trial Ready Deadline:** Please note that a "Suggested Trial Date" or a "Trial Ready Deadline" IS NOT an actual trial date. Once the case is at issue (meaning that the pleadings are closed), the parties must go into CourtMap and select a trial date consistent with the "Trial Ready Deadline" in this CMO | 12/01/2022 |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**:  Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**:  Motions for protective order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**:  Motions for extension of time must state with specificity the

reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>  <u>Last minute cancellations are disfavored.</u>

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

**Discovery**

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due.  Failure to timely make these objections, constitutes a waiver.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document

in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court.  Failure to timely mediate shall not constitute just cause for a trial continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 31st day of March, 2022.

2021-025839-CA-01 03-31-2022 10:52 AM

Hon. Antonio Arzola

**CIRCUIT COURT JUDGE**

Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Mendy Halberstam, Esq., mendy.halberstam@jacksonlewis.com

Mendy Halberstam, Esq., rebecca.billingsby@jacksonlewis.com

Rainier Regueiro, rregueiro@rgpattorneys.com

Rainier Regueiro, aziani@rgpattorneys.com

Rainier Regueiro, gcellini@rgpattorneys.com

Roman Alan Sarangoulis, roman.sarangoulis@jacksonlewis.com

Roman Alan Sarangoulis, greisy.ledo@jacksonlewis.com

Roman Alan Sarangoulis, miamidocketing@jacksonlewis.com

**Physically Served:**